LUTHER et al. v. VILLAGE OF BATAVIA. (No. 252–115.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

1. MUNICIPAL CORPORATIONS ☞838—TORTS—POLLUTION OF STREAMS—SEWAGE.

A municipal corporation is liable in damage to a riparian owner for the pollution of a stream by its sewage, the same as a private individual would be.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1787; Dec. Dig. ☞838.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MUNICIPAL CORPORATIONS ⬥➝846—POLLUTION OF STREAMS—INJUNCTION—
VIOLATION.
   A municipal corporation can be enjoined from polluting a stream by
sewage, the same as a private individual, and its officers responsible for
violating such injunction can be punished for contempt.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1772–1795; Dec. Dig. ⬥➝846.]

Appeal from Trial Term, Genesee County.

Action by Mary Luther and another against the Village of Batavia.
Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 166 App. Div. 966, 151 N. Y. Supp. 1127.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAM-
BERT, and MERRELL, JJ.

Newell K. Cone, of Batavia, for appellant.

George W. Watson, of Batavia, for respondents.

KRUSE, P. J.  [1, 2] The inhabitants of a city or village, collectively,
have no more right to pollute the waters of a stream than a single in-
dividual, and where a city empties its sewer system into a living stream,
as the defendant has done in this case, and damage results to the
riparian owners, it must respond in damages. If such acts are con-
tinued, and a proper case is made out, an injunction should issue re-
straining such unlawful acts; and if the village persists in defiance
of the injunction, the village and local authorities responsible for such
violation should be punished for contempt. That happened to this de-
fendant not so long ago. Swezey v. Village of Batavia, 121 App. Div.
926, 106 N. Y. Supp. 1146, affirmed 191 N. Y. 499, 84 N. E. 1121. It
may be difficult for some communities to take care of the sewage in
any other way than was done here, but that affords no justification or
excuse for harming others who are situated as was the plaintiff. Per-
haps this warning applies more to others than to this defendant, as
we understand that other provision has now been made by it for taking
care of its sewage.

It is unnecessary to take up the various points in detail which have
been urged for reversal of this judgment. I think the evidence fairly
shows, as the plaintiff contends, that the waters of this stream became
contaminated with offensive refuse matter from the sewers; that the
waters of the stream were covered with a scum, gave off at times of-
fensive odor, became so filthy that the cattle would not drink of it,
and that the fish died; and that the filthy odor of the creek caused
discomfort and annoyance to the plaintiff, thus decreasing the rental
value of his premises. I am further of the opinion that the damages
awarded are not excessive, and that no error was committed so prejudi-
cial to defendant as to require or justify a new trial.

The judgment should be affirmed, with costs. All concur.

⬥➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes